UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOHN D. GORMAN, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08CV01840 ERW |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is frivolous, and the Court will summarily deny it.

Petitioner is a civil detainee at the Ste. Genevieve County Jail. Petitioner recently completed a term of imprisonment for rape.[1] Petitioner is now confined pursuant to Missouri's Sexually Violent Predator Act (the "Act"), Mo. Rev. Stat. §§ 632.480 - 632.513 (the "Act"). Petitioner is awaiting a trial to determine whether he is a sexually violent predator ("SVP") under Missouri law. In re Care of Gorman, 0722-PR00522 (City of St. Louis Circuit Court).

---

[1]Petitioner filed a petition for writ of habeas corpus challenging the 1977 rape conviction in this Court in 1982. The petition was dismissed for lack of exhaustion. Petitioner later refiled the petition, and it was ultimately dismissed as procedurally defaulted. See Petition at 3.

The claims in the petition fall into three categories: first, petitioner seeks to challenge his 1977 criminal conviction for rape, which forms the basis for his current confinement under the Act; second, he argues that the act is unconstitutional on its face and as it is currently being applied to him in the state court; third, he seeks appellate review of the state court's denial of his motion for summary judgment.

## Discussion

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court is required to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ."

Petitioner's challenge to his 1977 conviction is frivolous for two reasons. First, it is a second or successive challenge requiring permission from the United States Court of Appeals for the Eighth Circuit before it may be heard in this Court. 28 U.S.C. § 2244(b). Second, it is barred by the one-year period of limitations set forth in § 2244(d). As a result, the claims relating to petitioner's 1977 conviction must be dismissed.

In the absence of exceptional circumstances, a plaintiff must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). Petitioner has not presented his challenge to the Act to the Missouri courts. Indeed,

petitioner's case before the probate court has not yet been adjudicated. As a result, petitioner has failed to exhaust his state remedies, and the claims relating to the Act must be dismissed.

Finally, petitioner's challenge to the state court's denial of his summary judgment motion is not cognizable in a federal habeas proceeding. Even if petitioner had properly presented the challenge, however, the Court would not have jurisdiction to entertain it because this Court does not have subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme Court]." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). As a result, the petition is legally frivolous, and the Court will dismiss it pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Additionally, the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right. As a result, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel is **DENIED** as moot.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th Day of January, 2009.

                                                E. RICHARD WEBBER
                                                UNITED STATES DISTRICT JUDGE